UNITED STATES FIDELITY & GUARAN-
TY CO. v. THOMAS et al.

(Court of Civil Appeals of Texas. Dallas.
April 12, 1913. Rehearing Denied
May 3, 1913.)

1. CONTRACTS (§ 186*)—ACTIONS FOR BREACH.

No person can sue upon a contract, unless
he be a party to it or in privity with it.

[Ed. Note.—For other cases, see Contracts,
Cent. Dig. §§ 790–797; Dec. Dig. § 186.*]

2. MECHANICS' LIENS (§ 315*)—CONTRACTS—
CONSTRUCTION.

Where the owner of land, who desired to
erect a dwelling, required the contractor to give
a bond with sureties, conditioned that he would
faithfully carry out the work and pay all claims
and liens against the premises, with a further
provision that the obligation should inure to the
benefit of materialmen and subcontractors, the
last clause gave a right of action to all material-
men and subcontractors, regardless whether they
had a lien upon the premises; it being the ap-
parent intention of the owner to require a bond
for the payment of all the debts incurred by the
contractor in the erection of the dwelling.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. § 658; Dec. Dig. § 315.*]

3. MECHANICS' LIENS (§ 315*)—ENFORCEMENT
—CONSIDERATION.

As a contract between two parties based
upon a valid consideration may be enforced by a
third when entered into for his benefit, material-
men and subcontractors who furnished material
for a dwelling have the necessary privity to
maintain an action on a bond given by the con-
tractor to perform and to pay all claims and
liens against the premises, and providing that it
should inure to the benefit of materialmen and
subcontractors.

[Ed. Note.—For other cases, see Mechanics'
Liens, Cent. Dig. § 658; Dec. Dig. § 315.*]

Appeal from District Court, Dallas County.

Action by the Carson Lumber Company and
others against W. E. Thomas, the United
States Fidelity & Guaranty Company and
another. From a judgment against the nam-
ed defendants, the United States Fidelity &
Guaranty Company appeals. Affirmed.

Hunt, Myer & Teagle, of Houston, and
Seay & Seay, of Dallas, for appellant. Wood
& Wood, of Dallas, for appellees.

TALBOT, J. Appellant makes the follow-
ing statement of the nature and result of the
suit, which we adopt: This suit was brought
by the Carson Lumber Company and other
plaintiffs and interveners against W. E.
Thomas, Mrs. Z. Blaffer, and the United
States Fidelity & Guaranty Company. The
record in the case in substance shows that
Mrs. Z. Blaffer desired to erect a house for
a fixed sum of money. The contract was
awarded to W. E. Thomas, contractor. Mrs.
Z. Blaffer, the owner, required a bond for
the faithful performance of the contract by
W. E. Thomas, contractor. This bond he
gave, and the United States Fidelity & Guar-
anty Company signed the same as surety.
The plaintiffs and interveners in the court
below are materialmen and subcontractors
who furnished to the contractor material and
labor for the house thus erected. The con-
tractor, Thomas, failed to pay them, and they
brought suit against Thomas, the contractor,
Mrs. Z. Blaffer, the owner, and the United
States Fidelity & Guaranty Company, as
surety upon the contractor's bond. Mrs. Z.
Blaffer answered in substance that the house
had been completed in accordance with the
plans and specifications in the contract with
Thomas and that she owed a balance of
$341.49 on said contract, and which amount
she was ready and willing to pay as soon as
she was able to determine to whom she might
safely pay said amount, and which said
amount she tendered into court. She did not
ask for any money judgment against any
one, but prayed that no mechanic's lien be
established by any of the plaintiffs or inter-
veners against the property. W. E. Thomas
answered by general demurrer and a general
denial. The United States Fidelity & Guar-
anty Company answered by special exception
and special answer in substance that it was
merely a surety upon the bond of Thomas
given to Mrs. Z. Blaffer, the owner, and that
said obligation or contract was simply a con-
tract between Thomas, as principal, and the
bonding company, as surety, and made for
the benefit of and to indemnify the defend-
ant Mrs. Z. Blaffer, and her alone; that the
plaintiffs and interveners were not parties
to the contract and had no interest in the
same; that said bonding company had not
made any promise to plaintiffs or interveners
in said contract, nor was there any consider-
ation passing from this defendant to any
of said plaintiffs or interveners, and that
said plaintiffs or interveners were strangers
to said contract, and there is no considera-
tion moving from these plaintiffs or inter-
veners herein to said defendant; that there
is no obligation or duty on their part men-
tioned in said contract and none on the part
of this defendant in so far as these plaintiffs
or interveners were concerned; that there is
no privity of contract existing between any
of said plaintiffs or interveners and this de-
fendant, nor any obligation of any kind or
character moving from the defendant to the
plaintiffs or interveners, or from the plain-
tiffs or interveners to this defendant. The
court submitted the case to the jury on spe-
cial issues, which was simply to find what
amount was left unpaid on the respective
contracts of interveners and plaintiffs with
the defendant Thomas. The jury found the
amounts due virtually as set up in the vari-
ous pleadings of the plaintiffs and interveners.
Upon such finding judgment was rendered
against W. E. Thomas and United States
Fidelity & Guaranty Company for the aggre-
gate sum of $883.54, constituting the various
claims of the plaintiffs and interveners, and
from this judgment the United States Fidel-
ity & Guaranty Company alone appealed.

There is practically no conflict in the testi-
mony. It conclusively establishes that the
claims sued on by the plaintiffs and interven-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ers were for material furnished or labor performed by them at the instance of W. E. Thomas, in the construction of Mrs. Blaffer's house, and that said claims were just and unpaid. The contract between Mrs. Blaffer, the owner, and W. E. Thomas, as contractor, is, in substance, so far as is necessary to state, that the contractor will, for the sum of $4,175, construct, according to the plans and specifications thereof, a certain house for Mrs. Blaffer, and contains this provision or stipulation, namely: "And it is further agreed that the contractor shall hold the owner harmless against any liens, garnishments or debts of any kind on account of any labor employed or material used in the erection of this building." The bond executed by W. E. Thomas and the appellant for the faithful performance by Thomas of his building contract with Mrs. Blaffer was in the sum of $2,000, and conditioned as follows: "The condition of this obligation is such, however, whereas, the said W. E. Thomas has entered into a contract with the said Mrs. Z. Blaffer, dated August 23, 1911, for the furnishing of all material and labor and erecting a two-story frame residence building according to plans and specifications made and prepared by J. O. Gill, architect; said contract is here referred to with greater particularity. Now, if the said W. E. Thomas shall well and truly comply with the terms of said contract, and faithfully carry out the work under said contract mentioned, including all changes in said work hereinafter referred to, and to pay all claims and liens against the said premises on which the said building is erected, as provided in said contract, and shall hold the said Mrs. Z. Blaffer free for all time from all claims and liens, and from damages mentioned therein, then his obligation shall be null and void, otherwise to remain in full force and effect. And we, the sureties on this bond, hereby consent to all terms and specifications of said contract, and to all specifications, drawings, plans and details referred to therein. We do further agree that changes may be made as provided in the said contract, plans and specifications, and work to be done thereunder. And that our obligation under this bond shall apply to such changes the same as if they had been made in said contract before said contract had been signed by the parties thereto. We do further agree that any change in the method and amount of the payments stipulated to be made by the said Mrs. Z. Blaffer, in said contract, shall not affect our liability on this bond. And we also agree that the obligation of this bond shall inure to the benefit of material men and sub-contractors."

The question presented by the assignments of error for our decision is whether or not the plaintiffs and interveners herein are entitled to maintain this suit and recover upon the bond, made the basis of the action, by virtue of the provision in said bond to the effect that the obligation created thereby should inure to the benefit of materialmen and subcontractors. Appellant contends, in effect, that they are not entitled so to do: (1) Because they are not parties or privies to said contract or bond, and because if they were there was absolutely no consideration for the promises therein made or obligation therein assumed by appellant so far as plaintiffs and interveners are concerned; (2) that plaintiffs and interveners are not entitled to recover upon said bond because by reading the building contract between Mrs. Blaffer and W. E. Thomas and the bond together, as they should be read, the reasonable construction of the bond is that it was intended to bind the obligors therein to pay only such claims or debts incurred for material furnished or labor performed in the erection of Mrs. Blaffer's house as were secured by liens fixed upon said house in accordance with the provisions of our statute relating to mechanics', laborers', and materialmen's liens.

[1, 2] The precise question involved does not seem to have been heretofore passed upon by any appellate court of this state. Cases in which the right of materialmen to recover on bonds containing a provision somewhat similar to the one found in the bond sued on in this case was denied, have been cited, but none directly in point. In the cases of Republic Guaranty & Surety Company v. Wm. Cameron & Co., 143 S. W. 317, Texas Glass & Paint Co. v. Southwestern Iron Co., 147 S. W. 620, and Campbell-Root Lumber Co. v. Smith, 148 S. W. 1195, the bonds sued on contained the following provision: "This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract [building contract], according to the provisions of law in such cases made and provided, and may be sued on by them as if executed to them in proper person." In each of these cases the bond by its express terms inured only to the benefit of lienholders, and the right to recover was denied because the materialmen suing had failed to show that they had acquired valid liens upon the owner's property. Whether they would have been entitled to recover, had such liens been shown, was not determined. In the first case mentioned, the court, in this connection, said: "Having reached the conclusion that neither Cameron & Co. nor Buckley & Son had acquired 'liens or rights of liens' on the property, because it was Cantwell's homestead, * * * it is unnecessary to determine, and we do not determine, whether, had they acquired liens, they or Cantwell for their use and benefit might have maintained a suit on the bond." In the third case mentioned, the court, after holding that the plaintiffs had no liens, and could not have, because the property was public school property, remarked: "If the bond in the present case had provided that the obligors were bound, not only to the

trustees of the Killeen independent school district, but likewise to all persons who might perform labor or furnish material in the construction of said building, irrespective of whether they were lienholders or not, then it seems, under the authorities, that plaintiffs in this case might have a cause of action and be able to maintain this suit." In the case of National Bank v. Railway Company, 95 Tex. 176, 66 S. W. 203, the appellant sued to recover of Evans & Hoshour, contractors, for the value of labor performed in the construction of machine shops, engine house, etc., and to foreclose against the railway company's property a lien alleged to exist thereon by virtue of such labor, etc. Consolidated with this action were the suits of other parties seeking to recover on said contractors' bond executed to the railway company for the purpose of indemnifying it against claims, demands, and liens of laborers and materialmen, and the Supreme Court held that, inasmuch as no liability of the railway company to the plaintiffs in the suit nor lien upon its property was shown, there was no breach, and therefore no right of action upon the bond. The court, however, took occasion to say: "We are not prepared to hold that the railroad company might not have required of the contractors a bond binding them and sureties to pay all debts contracted with persons for labor, material, or other things necessary to the performance of the contract, whether the claims might be asserted against the railroad company's property as a lien or not; and that under such a contract, if it had been made, the materialmen and the laborers might sustain an action against the contractors and their sureties upon its bond."

The remarks quoted from the opinions in the two last above cases were not necessary to a decision of the questions involved and cannot be regarded as authoritative expressions of the courts; but they may, perhaps, be considered as indicating that, had valid liens been shown, it would have been held that under the terms of the bond a right of action thereon would have existed. It is a well-established general rule that "no person can sue upon a contract, except he be a party to or in privity with it." If the appellees in this case were parties to or in privity with the bond in suit, it is by virtue of that provision which reads: "We also agree that the obligation of this bond shall inure to the benefit of materialmen and subcontractors." Counsel for appellees admit that without this provision the suit could not be maintained. With it inserted in the bond, are the appellees beneficiaries and entitled to a right of action thereon? We have reached the conclusion that this question should be answered in the affirmative. The right of action does not depend, as in the cases to which we have referred, upon the existence of a materialman's or laborer's lien. By the terms of the bond its obligation inures to the benefit of "materialmen and subcontractors," regardless of whether they have or have not secured liens upon the property of Mrs. Blaffer. The undisputed proof is that appellees were materialmen and subcontractors within the meaning of the bond. Under contracts with W. E. Thomas, the contractor, they furnished material for, and which was used in the erection of, Mrs. Blaffer's building or under contracts with Thomas performed labor in constructing it. Under the facts, appellees are entitled, we think, to maintain this suit against the appellant and recover of it the amount of their respective claims. Obviously, the provision of the bond declaring that its obligation should inure to the benefit of materialmen and subcontractors was not inserted in the bond to protect Mrs. Blaffer against liens on her property because a previous clause of the bond fully provides for her protection in this respect. It is certainly difficult to understand how the bond in question could inure to the benefit of materialmen and subcontractors unless they have a right of action thereon for the material furnished or labor performed in the erection of Mrs. Blaffer's house. If such is not the proper construction of the bond, then the provision declaring that its obligation shall inure to the benefit of materialmen and subcontractors is meaningless and of no effect. In construing the bond the folly of inserting such a provision in it should not be imputed to those responsible for its execution. On the contrary, we think it fairer and more reasonable to conclude that Mrs. Blaffer intended to and did require of her contractor, Thomas, a bond binding him and his surety to pay all debts contracted with persons for labor and material necessary to the performance of the building contract, whether the claims might be asserted against her property as a lien or not.

[3] That a contract between two parties upon a valid consideration may be enforced by a third party when entered into for his benefit seems to be settled law, and that in such a case "it is sufficient in order to create the necessary privity, that the promisee owes to the party to be benefited some obligation or duty, legal or equitable, which would give a just claim." Such, at any rate, is the well-established rule in our sister state Missouri, and we regard it a just and proper one. City of St. Louis v. Von Phul, 133 Mo. 561, 34 S. W. 843, 54 Am. St. Rep. 695, and cases there cited.

We therefore hold that appellees are materialmen or subcontractors within the meaning of the bond sued on, and as such are entitled to maintain this suit and recover of appellant the amount of their respective claims. The judgment of the court below is therefore affirmed.

Affirmed.