**MOSHER MFG. CO. v. EQUITABLE SURETY CO. (No. 208–3300.)**

(Commission of Appeals of Texas, Section A. March 30, 1921.)

**1. Mechanics' liens ⊚⇒13 — No materialman's or laborer's lien attaches to public buildings.**

No materialman's or laborer's lien can attach to public buildings, as a courthouse, erected by a county.

**2. Counties ⊚⇒123—Materialmen held not entitled to rely on subsequent statute for relief against surety.**

Acts 33d Leg. (1913) c. 99 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 6394f–6394j), requiring counties, etc., to take bonds for the protection of materialmen and laborers, having been enacted after the execution of a bond by a county contractor, cannot be relied on for the purpose of affording relief to unpaid materialmen against the surety on the contractor's bond.

**3. Counties ⊸123—County may obligate contractors to secure claims of materialmen and laborers.**

Independent of any statute, a municipality has implied authority to bind contractors to pay the claims of laborers and materialmen, and hence, though public buildings, as a county courthouse. are not subject to materialmen's liens, the county may by contract, regardless of any statute, obligate the contractor to give bond to secure materialmen and laborers, for such agreements are justifiable, just as lien statutes, on the theory that they protect public interest by securing responsible dealers and better materials.

**4. Counties ⊸123—Materialmen held entitled to recover on contractor's bond.**

Where a surety bond given by contract to secure performance of an agreement to build a courthouse for a county was conditioned on faithful performance of the contract by the principal, on payment of all claims for labor and material used, and on indemnity to the county. the bond should be construed not only as for the benefit of the county, but as securing the claims of materialmen and giving them a right of action thereon against the surety; such persons not being otherwise secured.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by the Mosher Manufacturing Company against the Equitable Surety Company and M. P. Kelley. A judgment for plaintiff against the first-named defendant, action having been dismissed as to the latter, was reversed and rendered by the Court of Civil Appeals (202 S. W. 788), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Holloway & Holloway, of Dallas, and Campbell & Sewell, of Palestine, for plaintiff in error.

Hunt & Teagle and Gill, Jones, Tyler & Potter, all of Houston, for defendant in error.

SPENCER, J. Plaintiff in error, Mosher Manufacturing Company, a corporation, instituted this suit to recover of defendant M. P. Kelley, as principal, and the defendant in error, Equitable Surety Company, a corporation, as surety, upon a contractor's bond which Kelley had furnished in pursuance of an agreement had with Anderson county, Tex., on May 20, 1913. Anderson county and M. P. Kelley entered into a written contract by the terms of which Kelley agreed to construct a courthouse for Anderson county at its county seat, Palestine, Tex., for the sum of $148,438. Before the completion of the building Kelley abandoned the work and left the state, and under the terms of the contract Anderson county thereafter completed the courthouse at a net loss to it of $4,100.86 above the contract price, for which amount the county was reimbursed by defendant in error, and a release executed to it by Anderson county. In the agreement between Anderson county and defendant in error it was specially provided that the agreement between them was without prejudice to the rights of the other creditors of M. P. Kelley to hold the surety upon said bond if they have any such rights.

Prior to the abandonment of the work by Kelley, plaintiff in error had furnished him material for the building, amounting to $4,879.25, which remained unpaid, and it was to collect this sum that plaintiff in error brought this suit, seeking to hold defendant in error upon the bond. The case was dismissed as to defendant Kelley. It was tried upon an agreed statement of facts before the court without the aid of a jury, and the court rendered judgment in favor of plaintiff in error for the amount of his claim with interest. Upon appeal the Court of Civil Appeals reversed and rendered the judgment in favor of defendant in error. 202 S. W. 788.

The specifications upon which Kelley bid for the work contained this provision:

"The contractor will be required to furnish a bond executed by a surety company, with a permit to do business in Texas, to the owner, and satisfactory to the architects for the sum of fifty per cent. of the contract price."

The bond executed in pursuance to this provision reads in part:

"The State of Texas, County of Anderson.

"Know all men by these presents that we, M. P. Kelley, as principal, and the Equitable Surety Company, as surety, hereby acknowledge ourselves jointly and severally bound to pay to Anderson county, Tex., County, Tex., the sum of Seventy-four thousand two hundred nineteen dollars, upon condition, however, that whereas the said M. P. Kelley has been awarded the contract to erect for the said Anderson county, Tex., a certain three story and done, with basement building in said Palestine, Anderson county, Tex., according to drawings and specifications prepared by C. H. Page & Bro., architects, and as part of said award the said M. P. Kelley is required to enter into contract in writing as per draft thereof hereto attached and execute this bond:

"Therefore, should the said M. P. Kelley faithfully and fully perform, discharge, and carry out all the things by him agreed to be done in his said contract within the time and in manner and form as therein set out and pay all claims for labor and material used in the construction of said building and fully indemnify and save the said Anderson county, Tex., harmless against all loss damages and costs which he may suffer or incur by reason of the failure of the said M. P. Kelley to carry out and perform said contract, then this obligation shall become void; otherwise it shall remain in full force and effect."

[1] It is a well-established rule that no materialman's or laborer's lien can attach to public buildings, being by implication ex-

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cepted from statutory liens. Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162, 56 Am. Rep. 397.

[2] In recognition of this rule, the Congress of the United States passed a law requiring the government to take a bond from the contractor for the protection of those who furnish materials for, or perform labor upon, government buildings. 28 Stat. at L. 278, c. 280, U. S. Compiled Statutes 1901, p. 2523 (Comp. St. § 6923). The Legislature of Texas has likewise passed a similar law with the same object in view. Acts of the Thirty-third Legislature, c. 99, p. 185 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 6394f–6394j). However, this latter law did not become effective until after the execution of the contract now under consideration, and therefore is not considered in the determination of this cause.

[3] But, independent of any statute, a municipality which has the power to contract for the construction of public buildings has the implied authority to bind the contractors to pay the claims of materialmen and laborers, although such contract is for their benefit. U. S. Gypsum Co. v. Michael Gleason et al., 135 Wis. 539, 116 N. W. 238, 17 L. R. A. (N. S.) 906.

The object of such agreements is the same as the object secured by lien statutes to private parties. They are justified upon the theory that they protect the public interest by securing responsible dealers and better material than under the greater uncertainty incident to transactions dependent upon the personal responsibility of contractors, and because they protect the persons whose property and labor have been applied to public uses. Equitable Surety Co. v. McMillan, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394; R. Connor Co. v. Ætna Indemnity Co., 136 Wis. 13, 115 N. W. 811.

[4] The bond now under consideration was to become void upon the doing of the following things by Kelley: First, that he should faithfully and fully perform and carry out all the things by him agreed to be done in said contract within the time and manner and form as therein set out; second, that he should pay all claims for labor and material used in the construction of said building; and, third, that he should fully indemnify and save harmless Anderson county against all damage and cost which it might suffer or incur by reason of the failure of Kelley to carry out and perform the contract.

If the only purpose in the insertion of the second obligation was to save the promisee harmless and to indemnify it against loss and damage, then plaintiff in error cannot recover; but, if it was incorporated for the benefit of materialmen and laborers, they may invoke it for their protection.

The first and third clauses provide for the indemnity to the county and are entirely separate and distinct obligations from the second clause. The absolute independence of the first and third obligations to the second obligation is emphasized in the settlement the county had with defendant in error. While the parties to that agreement recognized the existence of the unpaid claims, no attempt was made by the county to invoke the bond for the protection of those claims. The county had its protection, under the first and third clauses, regardless of the second clause, and therefore the second could afford it no protection other than that which flows as a result of the laborers and materialmen being protected. The protection thus afforded materialmen and laborers is, as has been pointed out, a sufficient justification for incorporating such a covenant in the bond. The Supreme Court of Iowa, in the case of Baker v. Bryan, 64 Iowa, 562, 21 N. W. 83, in considering a similar provision in the same character of bond, said:

"The bond in unmistakable language binds the defendants 'to pay all claims for labor and material, etc., used in the construction of said building, and produce proper receipts therefor.' The bond follows the contract, and, considered together, they leave no room for doubt upon this point. It is evident that these covenants in the two instruments were not intended for the security of the school district, for the simple reason that it could never have a claim against the contractor for debts he owed to third persons. The district, as we have seen, was liable for no claim for materials or labor, and no lien therefor existed in favor of third persons. It would suffer no loss or prejudice on account of the failure of the contractor to pay for material and labor. The bond, therefore, as to the covenant under consideration, was not intended to secure the district. It was intended to secure those to whom the contractor should have become indebted on account of labor and material. There can be no doubt upon this point."

The case of the National Bank of Cleburne v. G., C. & S. F. Ry. Co., 95 Tex. 176, 66 S. W. 203, was relied upon by the honorable Court of Civil Appeals in support of its judgment reversing and rendering this cause. That case is clearly distinguishable from this one. The controlling factor in any contract is the intention of the parties. This intention, when ascertained, must alone govern. In Bank v. Railway, supra, liens by materialmen, laborers, and mechanics might have been secured upon the property of the railway company by virtue of compliance with article 3294, Revised Civil Statutes 1895, under consideration in that case. The Supreme Court there held that the only intention of the parties, as fully expressed in the context of the bond, was to indemnify the railway company against the probable liens provided for by the statute mentioned, and that, as this was the only purpose of the bond, and no lien having been created, and no liability of the railroad to the plaintiffs having been shown, there was no breach of the condition

of the bond, and therefore no right of action upon it.

In the instant case no lien could be fixed against the property of the county; neither was nor could it be made answerable to the unpaid creditors for material furnished or labor performed in the prosecution of the work. It being entirely proper for Anderson county to include a provision in the contract requiring Kelley to pay for all claims for labor and material used in the construction of the building, and as such a provision could in no wise inure to the benefit of the county, it follows as of course that the intention of the parties in inserting such clause was to protect those to whom the contractor should become indebted for material furnished and labor performed, and plaintiff in error, being an unpaid materialman, was entitled to invoke the bond for his benefit.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the trial court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

GREENWOOD, J., not sitting.