OAK CLIFF LUMBER CO. v. AMERICAN INDEMNITY CO. (No. 9170.)

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1924. Rehearing Denied Dec. 6, 1924.) .

**1. Mechanics' liens ⬒313—Owner may require of contractor bond broad enough to bind him and surety to pay for labor, material, etc.**

Owner, contracting for construction of building, may require contractor's bond not only indemnifying him against claims or liens of third persons, but also binding contractor and surety to pay debts for labor, material, etc., regardless of whether such claims might be asserted against owner's property.

**2. Mechanics' liens ⬒315—Whether persons furnishing labor and material can hold surety determined by construing bond with contract.**

Whether persons furnishing labor and material for building can assert claims against contractor's bond to indemnify owner and surety thereon, is determined by intention of parties when bond was executed, to be determined by terms of bond construed in connection with building contract.

**3. Mechanics' liens ⬒315—Obligation in contractor's bond held not evidence of intent to make party furnishing material beneficiary of bond.**

Where furnisher of material for building could have fixed statutory lien therefor, obligation in bond of contractor requiring contractor to pay claims for material, labor, etc., was for benefit of owner and its presence is not evidence that parties intended to make furnisher of material beneficiary of bond.

**4. Mechanics' liens ⬒313—Bond of contractor indemnifying owner, to be construed in connection with contract.**

Bond of contractor indemnifying owner against claims for material, labor, etc., must be construed in connection with contract.

**5. Mechanics' liens ⬒315—One furnishing material to contractor not entitled to recover therefor on his bond indemnifying owner.**

Contract for erection of building *held* to point out owner as beneficiary of contractor's bond, and by implication to exclude all other claimants, and one furnishing material could not recover thereon.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by C. R. Jones aginst the American Indemnity Company, the Oak Cliff Lumber Company and others, in which defendant the Oak Cliff Lumber Company filed cross-action against the American Indemnity Company and others. From a judgment in favor of defendant the American Indemnity Company, the Oak Cliff Lumber Company appeals. Affirmed.

J. L. Goggans, B. O. Baker, and D. A. Eldridge, all of Dallas, for appellant.

Etheridge, McCormick & Bromberg, of Dallas, for appellee.

JONES C. J. On February 26, 1914, one C. R. Jones, as owner, entered into a written contract with J W. Alexander and J. T. Babb, as contractors, for the construction of a building situated in the city of Dallas at a cost of $9,847. This cost included everything that went into the construction of the building. Under the terms of the written contract the contractors were required to, and did, furnish the said owner a bond in the sum of $5,000 as security that the contract would be performed.

Before the building was completed the contractors abandoned their contract, and it became necessary for the owner to complete the building. This was done by him, with the assistance of the American Indemnity Company, the surety on said bond. The building was completed at a cost of approximately $3,000 in excess of the said contract price, whereupon, C. R. Jones filed suit against Alexander and Babb, the contractors and principals in the bond, and the American Indemnity Company as surety, to recover the damages he had suffered by reason of the failure of Alexander and Babb to carry out their said contract for the faithful performance of which the bond had been executed. In this suit Jones also made the Oak Cliff Lumber Company a party defendant, alleging that it was asserting some claim or lien against the property. The Oak Cliff Lumber Company, thus made a party defendant, filed its cross-action against Alexander and Babb and American Indemnity Company to recover the sum of $923.40, together with interest, which was alleged to be the reasonable market value of material furnished by said lumber company to Alexander and Babb, and used by them in the construction of said building. Recovery against American Indemnity Company was based on the theory that there were recitals in the said contract and bond evidencing the fact that the lumber company was a beneficiary of the bond. Consequently the bond and the building contract were declared on in this cross-action and attached as exhibits to the pleadings. Alexander and Babb were each duly cited in person, and made default. The American Indemnity Company defended against this cross-action on the theory that

the bond was one for indemnity to the owner only, and that he, as its sole beneficiary, alone could maintain a suit because of its breach.

Before there was any trial of this suit, the American Indemnity Company paid to the said Jones the entire amount in excess of the contract price required to complete the building in accordance with the building contract, and Jones dismissed his suit. The trial proceeded solely on the cross-action, with the Oak Cliff Lumber Company as plaintiff in such action and the American Indemnity Company as defendant. This trial was had without the intervention of a jury, and, at its conclusion, the court entered judgment in favor of the indemnity company. The Oak Cliff Lumber Company established its claim that it had furnished material to Alexander and Babb in the sum of $923.40, that this material was used in the construction of the building, and that its debt was unpaid; recovery being denied on the theory that it was not a beneficiary under the bond.

An appeal was duly perfected to this court by appellant, Oak Cliff Lumber Company, against appellee, the American Indemnity Company. The sole question for determination on this appeal is, whether or not, under the facts of this case, appellant is entitled to maintain its action on the bond and recover from appellee the amount of its said claim. So much of the bond as is pertinent to the issue here under consideration is as follows:

"Know all men by these presents, that we, J. W. Alexander and J. T. Babb, as principal, and American Indemnity Company, as surety, promise to pay to the said C. R. Jones, his heirs and assigns, executors, and administrators, the sum of five thousand dollars ($5,000.00), the full and penal sum of which the subscribers hereto hereby jointly and severally obligate themselves, their heirs, executors, and administrators, well and truly to pay, conditioned, however, that if the said J. W. Alexander and J. T. Babb shall well and truly perform the covenants and agreements upon their part contained in said contract, and shall well and truly furnish the material and labor, and shall complete the said building and improvements mentioned in said contract according to the terms and requirements of said contract, and shall discharge and pay all bills for material or claims for labor, and all liens and claims whatsoever arising from the furnishing of material or labor for the erection and completion of the said building and improvements, this obligation shall become null and void; otherwise, it shall remain in full force and effect."

It will be noted that there is no specific provision contained in the indemnity bond making either those who furnished material or labor beneficiaries under said bond, nor is there such specific provision contained in the building contract. Unless the case of Mosher Mfg. Co. v. Equitable Surety Co. (Tex. Com. App.) 229 S. W. 318, be an exception, the holding of the Supreme Court, as well as the Courts of Civil Appeals of this state, are uniform that bonds of this character, and embracing similar terms as the one under inquiry, are indemnity bonds only, and executed for the sole benefit of the owner, and that neither a materialman nor a laborer can maintain a suit on same to recover an unpaid claim. National Bank of Cleburne v. G. C. & S. F. Ry. Co., 95 Tex. 176, 66 S. W. 203; Gen. Bonding & Cas. Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651; Fox v. C. & S. Iron Works (Tex. Civ. App.) 199 S W. 836; Garrett v. McAdams Lumber Co. (Tex. Civ. App.) 163 S. W. 320; Wilkerson & Satterfield v. McMurry (Tex. Civ. App.) 167 S. W. 275; Dean v. McAdams Lumber Co. (Tex. Civ. App.) 172 S. W. 762.

In the case of National Bank of Cleburne v. G. C. & S. F. Ry. Co., supra, the clause of the indemnity bond executed by the contractor to the owner, under which a materialman claimed the right to maintain a suit on the bond, was as follows:

"* * * Now the condition of this obligation is such, that if the said above bounden E. B. Evans and C. A. Hoshour shall well and faithfully pay to all laborers, mechanics, and materialmen, and persons who supply such contractors with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work agreed to be done, and performed by the said above bounden E. B. Evans and C. A. Hoshour, * * * then this obligation shall be null and void; otherwise to be in full force and virtue."

The Supreme Court, speaking through Judge Brown, in denying this right, said:

"There is not in this clause any promise by Evans and Hoshour to pay those persons who might contract with them during the progress of the work; it is simply the expression of a condition upon which their liability to the railroad company is defined, and for a breach of which they would be liable to the company itself. * * *"

It will be noted that there is no material difference in the conditions of the bond in the reported case, and the conditions of the bond in this case.

It is true that there are reported cases in Texas in which it has been held that materialmen were beneficiaries and entitled to a right of action against the sureties on an indemnity bond executed by the contractor to the owner, for the faithful performance of a building contract. As representative of these cases, we cite: Mosher Mfg. Co. v. Equitable Surety Co., supra; Republic Guaranty & Surety Co. v. Cameron & Co. (Tex. Civ. App.) 143 S. W. 317; Texas Glass & Paint Co. v. S. W. Iron Co. (Tex. Civ. App.) 147 S. W 620; U. S. Fidelity & Guaranty Co. v. Thomas (Tex. Civ. App.) 156 S. W. 573; Nelson Co. v. Stephenson (Tex. Civ.

App.) 168 S. W. 61; Texas Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072.

In each of these cases, except the Mosher Mfg. Co. Case, the bond itself contained a clause specifically providing that it should inure to the benefit of such creditors. The case of Texas Glass & Paint Co. v. Crowdus, by the Supreme Court, is fairly representative of this line of cases. The indemnity bond under inquiry in that case contained conditions similar to the one in the instant case, but, in addition thereto, there was the following provision:

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person."

[1, 2] These cases warrant the conclusion that an owner contracting for the construction of a building may require of his contractor a bond not only indemnifying him as such owner against any claims or liens of third persons, but also one broad enough in its terms to bind such contractor and his surety to pay all debts contracted with persons for labor, material, or other things necessary for the performance of the building contract, whether such claims might be asserted against the owner's property or not; that whether such latter class of persons can assert their claims against a given bond and hold the surety thereon for payment, must be determined by what reasonably appears to have been the intention of the parties in this respect when the bond was executed. This intention to be determined by the terms of the bond when construed in connection with the building contract.

In the case of Texas Paint & Glass Co. v. Crowdus, supra, the clause of the bond heretofore quoted clearly manifested the intention of the parties to indemnify claimants other than the owner named as the principal obligee in the bond. In like manner, and by just as an appropriate clause, the intention of the parties is manifested in a clause in the bond in the other cases above cited, except in the case of Mosher Mfg. Co. v. Equitable Surety Co., supra.

Appellant relies upon the last-named case to sustain its contention in this case, and construes the opinion in said case to announce the doctrine that where an owner binds his contractor, in the building contract executed, to pay all materialmen and laborers and every person whomsoever entitled under the laws of the state of Texas to the establishment of any lien or claim against said premises, or against the owner by reason of having furnished any material or performed any labor on said building, and requires a bond from the contractor conditioned that he will perform the covenants and agreements contained in his contract, and will discharge and pay all bills or claims for labor, that there is manifested an intention of the parties to the bond to make such materialmen and laborers beneficiaries under the bond. If such construction is the holding of that case, then under it appellant would be entitled to maintain its suit and recover its indebtedness on the bond, though there is in both the contract and the bond in the instant case the absence of any clause specifically making appellant a beneficiary of the bond. It is not believed that such is the holding of that case, but, on the contrary, it announces the same rule as the other cases and is in entire harmony with them.

In the Mosher Mfg. Co. Case, M. P. Kelley contracted with Anderson county for the erection of a courthouse at a stipulated price and executed an indemnity bond, very similar in terms to the one in the instant case, to secure the faithful performance of the contract. Kelley abandoned his contract before the completion of the building, and its completion was done by Anderson county. Prior to Kelley's abandonment of the work, the Mosher Manufacturing Company had furnished him material for the building and same remained unpaid at the time Anderson county completed the work. The bond executed by Kelley was signed by the Equitable Surety Company as surety, and this company settled with Anderson county for the excess cost it had incurred by reason of Kelley's said abandonment. The Mosher Manufacturing Company sought by suit to recover the amount of its claim against the said surety on Kelley's bond. This case reached the Supreme Court and was decided by the commission of appeals in an opinion by Judge Spencer, which opinion was approved by the Supreme Court.

The opinion in the reported case analyzes the bond given by the contractor to Kelley, and holds that it would become void upon Kelley's performing these conditions:

"First that he should faithfully and fully perform and carry out all the things by him agreed to be done in said contract within the time and manner and form as therein set out; second, that he should pay all claims for labor and material used in the construction of said building; and, third, that he should fully indemnify and save harmless Anderson county against all damage and cost which it might suffer or incur by reason of the failure of Kelley to carry out and perform the contract."

The opinion further says:

"If the only purpose in the insertion of the second obligation was to save the promisee harmless and to indemnify it against loss and damage, then plaintiff in error cannot recover; but if it was incorporated for the benefit of materialmen and laborers, they may invoke it for their protection."

The opinion then discusses the said three obligations of the bond, and holds that the

first and third of said obligations were inserted in the bond for the sole protection of the county; that, as no lien could attach to the public building being erected, and the county could not be made answerable to the upaid creditors for material furnished or labor performed in the erection of the building, said second obligation was not inserted. in the bond for the county's benefit and therefore it must have been inserted to secure those to whom the contractor might become indebted on account of labor and material, and that the said second obligation therefore manifested the intention of the parties to make materialmen and laborers, who had unpaid claims, beneficiaries under the bond.

[3-5] Admitting the bond in the instant case to be subject to the same analysis, and that its expressed conditions contain the three obligations identical with those in the bond of the reported case, is the same intention manifested by the parties by the insertion of the second obligation in the bond under inquiry? In the instant case appellant could have fixed its statutory lien for the material furnished, and, unlike the reported case, the promisee in the instant case could have been compelled to have discharged such lien in favor of appellant, and the inference drawn in the reported case that the said second obligation was not inserted for the benefit of the promisee, cannot be indulged in the instant case. It therefore follows that the bond here under inquiry discloses on its face that the second obligation was inserted for the benefit of the owner, the principal obligee in the bond, and that, by the insertion of this second obligation, the bond itself is not evidence of the fact that the parties thereby intended to make appellant a beneficiary of the bond. The bond, however, must be construed in connection with the contract. In the contract we find the following provision in reference to whose benefit the bond was to be executed:

" * * * And provided, further, that the bond hereinafter provided for, and the sureties thereon, shall be liable and responsible to the owner, in addition to all other obligations and duties undertaken therein, for the payment of all such claimants, or any creditors of the contractors or any subcontractors claiming any right or demand against the owner, or any lien against the said premises, whatsoever, arising out of the erection and construction of said building."

This clause clearly points out the owner as the beneficiary, and by clear implication excludes all other claimants. In the instant case the owner is not asserting any claim or liability against the bond, for no claim is asserted against him, and no lien created against his property, and therefore no breach of any condition in the bond is shown. It

follows that appellant's assignments of error should be overruled, and the case affirmed.

Affirmed.