## MURPHY v. HUEY & PHILP HARDWARE CO. et al.   (No. 9204.)

(Court of Civil Appeals of Texas.   Dallas. Dec. 13, 1924.)

Mechanics' liens ⬯315—Bond of contractor running to owner, held indemnity bond on which materialmen and laborers could not sue.

Contractor's bond, running to owner, conditioned to be void if contractor should promptly pay for labor and materials, was for sole benefit of owner, and neither materialmen nor laborers could sue thereon.

Appeal from Dallas County Court; Wylie A. Bell, Judge.

Action by the Huey & Philp Hardware Company and others against M. Murphy. Judgment for plaintiffs, and defendant appeals.   Reversed and rendered.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

W. H. Graham, of Dallas, for appellees.

LOONEY, J.   Mrs. F. L. Howell, owner, contracted with J. W. Bryan to furnish all labor and material and erect for her an apartment building in the city of Dallas. To secure the performance of the contract Bryan, as principal, and M. Murphy, as surety, gave a bond, the provisions of which brought under review will appear below.

Huey & Philp Hardware Company, plaintiff Citizens' Planing Mill Company, and E. G. Rust, interveners, appellees herein, sued appellant as surety on the bond to recover the amounts due them for materials furnished Bryan that went into and became a part of the building.

The case was tried before the court without a jury, and resulted in judgment in favor of appellees against appellant, holding him liable on the bond as surety for the unpaid bills due these materialmen.   In view of the disposition which will be made of the case, it is not necessary to notice assignments and propositions based on rulings on demurrers.

Appellant's contention is that the bond sued on is a common-law obligation in favor of Mrs. Howell, the owner, and that under its terms she, alone, could maintain an action for its breach.   Appellees urge the counter proposition that under the terms of the instrument they were made beneficiaries and entitled to sue as obligees.   The bond in question does not provide that those who furnish labor or material are to be beneficiaries; it runs alone in favor of Mrs. Howell, the owner.

The provision of the bond on which appellees ground their contention is as follows:

"If the said J. W. Bryan shall do all the things required of him by said contract, and shall in all things honestly and faithfully comply with and fulfill all of the terms and conditions of the contract, and shall promptly make payment to persons supplying him with labor and materials in prosecution of the work contracted for therein, then this obligation shall be null and void, otherwise it shall remain in full force and effect."

The decisions of the Supreme Court and Courts of Civil Appeals of this state are uniform in holding that bonds, conditioned as the bond under consideration, are indemnity bonds for the sole benefit of the owner, and that neither materialmen nor laborers can maintain suits thereon.

In the case of Oak Cliff Lbr. Co. v. American Indemnity Co., 266 S. W. 429, decided by this court November 15, 1924, Chief Justice Jones reviewed the decisions of this state at length and reannounced and applied the rule just mentioned.   This case must be ruled by the same doctrine.   Hence we conclude that the judgment of the court below should have been for appellant, and it is accordingly reversed and here rendered in his favor.

Reversed and rendered.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes