GENERAL BONDING & CASUALTY INS. CO. v. WAPLES LUMBER CO. et al.
(No. 6806.)

(Court of Civil Appeals of Texas. Galveston. April 19, 1915. Rehearing Denied May 13, 1915.)

1. APPEAL AND ERROR ☞907 — REVIEW — PRESUMPTION.

Where the only assignment of error is made on the hypothesis that the error is fundamental and apparent from the face of the record, it will be presumed that every fact warranted by the pleadings and essential to the validity of the judgment was proved upon the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. ☞907.]

2. PRINCIPAL AND SURETY ☞59—SURETY'S LIABILITY—CONSTRUCTION.

Surety bonds on building contracts are not to be construed as contracts of insurance, but as the obligations of a surety, and are to be strictly construed and not extended beyond the plain import of the language used.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. ☞59.]

3. MECHANICS' LIENS ☞317—BOND TO OWNER—LIABILITY OF SURETY—PARTIES.

Where an owner of land requires of his contractor a bond binding him and his surety to pay all debts contracted for materials, whether the claims might be asserted against the property of the owner as a lien or not, materialmen could sustain an action against the contractor and the surety upon the bond.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 659; Dec. Dig. ☞317.]

4. MECHANICS' LIENS ☞317—BOND—CONTRACTOR'S SURETY BOND — LIABILITY OF SURETY.

An owner of land contracted with a builder to furnish all the labor and materials and to erect certain improvements, with the privilege to buy labor and materials on the contractor's failure in performance and deduct the cost from the amount due the contractor, and the right to retain out of payments due an amount sufficient to indemnify the owner against liens. The contractor's surety bond was conditioned for faithful performance in accordance with the contract, and to be in force only if the contractor failed to perform or to pay and satisfy all materialmen and subcontractors. Held, that the bond was one defining the liability of the surety to the owner, and, in the absence of any provision indicating such undertaking, did not inure to the benefit of materialmen, who could not sue thereon directly, or to compel the owner to sue as trustee for their benefit.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 659; Dec. Dig. ☞317.]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by the Waples Lumber Company against the General Bonding & Casualty Insurance Company, W. F. Breath and wife, and W. T. Butler, with cross-bill by defendants Breath and wife against the Insurance Company. Judgment for plaintiff against defendants Butler and Breath and wife, judgment for Breath and wife against Butler and the Insurance Company for the benefit of plaintiff, with judgment for the Insurance Company over against Butler, and the defendant Insurance Company appeals. Reversed and remanded.

John W. Campbell, of Galveston, and Gill Jones & Tyler, of Houston, for appellant. W. F. Kelly, of Galveston, for appellee Waples Lumber Co. D. D. McDonald, of Galveston, for appellee W. F. Breath and wife.

McMEANS, J. The statement of the nature and result of the suit made by appellant in its brief, and agreed by appellees to be correct, is adopted.

Plaintiff Waples Lumber Company filed this suit on the 5th day of September, 1913, and, by its amended petition against W. T. Butler, W. F. Breath and wife, Lucy P. Breath, and General Bonding & Casualty Insurance Company, alleged, in substance, that the defendant Butler had contracted to build for defendants Breath and wife, and had furnished a bond for the faithful performance of his contract with the defendant General Bonding & Casualty Insurance Company, as surety, and that said bond, a copy of which

is attached to the pleading, guaranteed the payment of all material and labor claims on the building, and that, relying upon this provision of the bond, plaintiff lumber company and other materialmen, whose claims had been assigned to plaintiff lumber company, had furnished material to said contractor Butler, and had filed their materialmen's liens therefor, and that the owners, Breath and wife, in requiring and accepting the bond in question, payable to themselves, acted as trustees for materialmen on the building, and that it was their duty to collect enough money on the bond to pay plaintiff's debt, which is alleged to aggregate $1,050.98 and interest, and plaintiff asks that it have judgment either upon the bond direct, or that the defendant Breath and wife recover judgment on the bond, as trustees for the use and benefit of plaintiff.

The defendants Breath and wife answered, denying all material allegations, except those alleged in their answer, and specially denying that mechanic's liens had been fixed as alleged, and pleading that the property upon which the building was erected was their homestead, and that the contract for the construction of the building was not acknowledged by either Breath or wife, and hence that no mechanic's or materialman's lien attached to the property, or could be enforced against them; that, under the terms of the bond in question, the surety company became liable for plaintiff's debt, as alleged by plaintiff, and that defendants Breath and wife were entitled to recover for the use and benefit of plaintiff the sum of $996.76, less $475.50, the unpaid portion of the contract price remaining in the hands of the owners, and which was deposited in the registry of the court, and that these defendants were entitled to recover of said surety the sum of $521.26 for the use and benefit of plaintiff.

The answer of the defendant W. T. Butler operated as a general denial of all material allegations of the plaintiff's petition, and of the answer and cross-bill of defendants Breath and wife, except that he admitted the execution of the contract and bond, the fact that the contract was not privily acknowledged by Breath's wife, and was for improvements on the homestead, and denied that the bond was intended for the protection of materialmen, or that they relied thereon.

The defendant casualty company answered by general and special demurrers, and, in conformity with the rules, in effect denied all the allegations of plaintiff's petition and of defendants Breath and wife's cross-bill, except that it admitted the execution of the bond sued on, but denied that the legal effect or intent of said bond was as alleged by plaintiff or by the defendants Breath and wife, and alleged that the plain import and intent of said bond was to indemnify the defendants Breath and wife only, and did not inure to the benefit of materialmen in any respect.

The case was tried before the court without a jury and resulted in a judgment for plaintiff Waples Lumber Company against defendant Butler for the sum of $994.76, and for the sum of $475.50 paid into the registry of the court by defendants Breath and wife, to be credited upon the judgment against Butler, and that plaintiff take nothing by its suit against the casualty company or upon its suit for debt and foreclosure against Breath and wife, and further that defendant Breath and wife recover of the defendant Butler and appellant General Bonding & Casualty Insurance Company the sum of $519.26 for the use and benefit of plaintiff Waples Lumber Company, to be credited upon its judgment for $994.76, against defendant Butler, and that the lot of land upon which the house was constructed and the improvements thereon be declared free and unincumbered by the materialmen's lien claimed by plaintiff, and that appellant General Bonding & Casualty Insurance Company have judgment over against its codefendant Butler for the sum of $519.26 and costs. From the judgment against it, the General Bonding & Casualty Insurance Company has appealed.

There are no statement of facts or bills of exception in the record, but the contract between Breath and wife and Butler, and the bond executed by Butler to them, with the bonding company as surety, are attached to and form a part of the pleadings in the case.

Appellant's first assignment of error, which is submitted as a proposition, is as follows:

"The court erred in rendering judgment herein against appellant surety company, for the reason that the pleadings of the plaintiff Waples Lumber Company and the pleadings of the defendants Breath and wife, for the use and benefit of plaintiff Waples Lumber Company, both affirmatively show that the only cause of action claimed herein against appellant surety company was under and by virtue of the terms of a written bond, whereby appellant surety company obligated itself to indemnify and hold harmless the defendants Breath and wife against the breach of a written contract by the defendant W. T. Butler, and further affirmatively show that the defendants Breath and wife have sustained no injury and suffered no damage by reason of any breach of said contract, and further affirmatively show that there is no privity of contract whatsoever between the plaintiff and defendant surety company, and that the terms of the bond in question did not inure to the benefit of the plaintiff or other materialmen, and that neither the plaintiff nor the defendants Breath and wife, as trustees for the plaintiff, was a party or a privy to said bond; and the error of the court in rendering a judgment herein, not supported by the pleadings, is a fundamental error, apparent of record, requiring a reversal of the judgment."

The issues as between the plaintiff and Breath and wife on the one hand and the bonding company on the other as made by the plaintiff's pleadings are substantially that Breath and wife made a contract with Butler to furnish all the labor and materials

and to erect certain improvements on a lot of land in the city of Galveston, owned and occupied by Breath and wife as their homestead; that the building had been completed and all material and labor contracted for had been furnished by Butler, and that there still remained in the hands of Breath and wife a part of the contract price agreed to be paid by them to Butler; that the plaintiff Waples Lumber Company, and those whose rights it had acquired, had furnished materials to Butler which were used in the construction of the improvements, and for which Butler had not paid. There was no allegation that Butler had not complied with his contract for the construction of the improvements in any respect or particular, except that he had failed to pay plaintiff Waples Lumber Company for the materials furnished; that the contract between Breath and wife and Butler was in writing, but not executed in such a way as to give a lien on the homestead, and that a bond had been given to secure the performance of that contract; that the bonding company executed said bond as surety, and that, under the terms thereof, said surety had obligated itself to pay for the materials and labor used by Butler in the performance of his contract, and that the plaintiff Waples Lumber Company was entitled to recover on the bond, or else the obligees Breath and wife were entitled to recover on the bond for the use and benefit of the plaintiff.

The building contract between Breath and wife and Butler is quite lengthy, and will not be set out in full in this opinion, but we will state the substance of such of its provisions as directly or remotely bear upon the question herein discussed. Article 1 provides that the contractor, Butler, shall provide all the materials and perform all the work for the erection and completion of the improvements. Article 5 provides that should the contractor at any time refuse or neglect to supply a sufficiency of workmen or materials, or fail to prosecute the work with diligence, or fail to perform any of the agreements of the contract, the owners should be at liberty to provide such labor or materials and deduct the cost thereof from any money that thereafter might become due to the contractor under the contract, and further provides that under certain circumstances the owners might terminate the contract, finish the work themselves, and charge the cost of same against the sum promised to the contractor for doing the work. A paragraph in the ninth article reads as follows:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify said owner against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owners all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

The bond sued on, omitting the formal parts, is as follows:

"Know all men by these presents: That I, W. T. Butler, principal, and General Bonding & Casualty Insurance Co., Dallas, Texas, as sureties, are held and firmly bound unto W. F. Breath and wife in the penal sum of eight hundred dollars ($800.00), to the payment whereof we jointly and severally do hereby obligate ourselves, our heirs, executors, administrators, representatives and assigns. The conditions of the above obligations are such that whereas the above W. T. Butler has made and entered into a written contract to furnish all materials and labor for (except as otherwise specified in said contract), and to erect and construct upon the property situated on the N. W. corner of 25th and Avenue N, in the city and county of Galveston, state of Texas, for the said W. F. Breath and wife, a two-story frame dwelling and improvements, all of which are fully set forth and provided for in said contract, plans and specifications for said work prepared by Stowe & Stowe, architects, which are hereby referred to for particulars, and which contracts, plans and specifications are made a part of this obligation; and whereas a part of the consideration for the making by said W. T. Butler with said W. F. Breath and wife of said building contract was the agreement of said W. T. Butler to furnish to said W. F. Breath and wife a good and sufficient bond and obligation to faithfully carry out and perform all the obligations assumed by him under said building contract, and to furnish all materials and labor for, and to construct and fully complete and finish said work, and all work connected therewith, in accordance with and as provided for in said contract, plans and specifications: Now, therefore, if the said W. T. Butler shall well and truly keep and perform all the obligations undertaken by him in the aforesaid contract made between him and the said W. F. Breath and wife, and shall fully perform all the work provided for, and complete and furnish the aforesaid work and improvements according to the terms, stipulations and provisions in the aforesaid contract, and in accordance with the aforesaid plans and specifications, and within the time specified by said contract, and shall pay in full and satisfy all materialmen, subcontractors and laborers, and all other persons employed by him in any manner in the erection of said work, then this obligation shall become null and void, otherwise the same shall be and remain in full force and effect."

The only questions presented for our determination are whether the bond inured to the benefit of the plaintiff Waples Lumber Company and other materialmen, whose claims plaintiff holds, and whether it could be enforced by the plaintiff or Breath and wife, as trustees, for its use. If either of these questions be answered in the affirmative, the judgment was properly rendered against the bonding company; if not, the judgment was erroneous.

[1] The only assignment presented is predicated upon the hypothesis that the error is fundamental and apparent from the face of the record; and it will be presumed, therefore, that every fact warranted by the pleadings, and essential to the validity of the judgment, was proved upon the trial.

There was no stipulation in the contract which required the contractor to give the

bond; and hence the purpose of the bond must be gathered from its own terms. To aid in its construction, we quote that part of it which declares the purpose for which it was required:

"The condition of the above obligations are such that whereas the above W. T. Butler has made and entered into a written contract to furnish all materials and labor for * * * and to erect and construct * * * for W. F. Breath and wife [the building] and whereas, a part of the consideration for the making by said W. T. Butler with said W. F. Breath and wife of said building contract, was the agreement of said W. T. Butler to furnish to said W. F. Breath and wife a good and sufficient bond and obligation to faithfully carry out and perform all the obligations assumed by him under said building contract, and to furnish all materials and labor for, and to construct and fully complete and finish said work, and all work connected therewith, in accordance with and as provided for in said contract, plans and specifications."

It cannot be successfully contended that the purpose of the bond and the condition of the obligation assumed by its language, above quoted, are anything more than indemnity to Mr. and Mrs. Breath against any failure on the part of Butler to furnish the labor and materials and to build and finish the house conformably to the plans and specifications; and we do not understand that appellees contend otherwise. But it is on this further language of the bond, which provides the conditions under which the bond may become ineffective and void, that appellees base their contention that the bond by its terms inured to the plaintiff as a materialman, and could be enforced by it or by the obligees therein for its benefit:

"Now, therefore, if the said W. T. Butler shall well and truly keep and perform all the obligations undertaken by the aforesaid contract * * * and shall pay in full and satisfy all materialmen, subcontractors and laborers, and all other persons employed by him in any manner in the erection of said work, then this obligation shall become null and void, otherwise the same shall be and remain in full force and effect."

¡ This is not an affirmative promise to Breath and wife that Butler would pay the claims of materialmen, and there is not in the bond or in the contract any language to indicate an agreement or intention that the bond was intended for the security of the materialmen either directly or through Breath and wife, as trustees, unless such an agreement is expressed by the language of the bond last above quoted. Certainly that language does not express an affirmative promise to the materialmen or for their benefit.

[2] There is no allegation by any party to this suit of ambiguity in, or fraud, accident, or mistake in, the execution of the contract, or any pleading seeking a reformation of either; and it is elementary that, in the absence of such allegations or pleading, the obligation of a surety cannot be extended beyond the plain import of the language used in the writing. Surety bonds on building contracts are not to be construed as con-

tracts of insurance, but as the obligation of a surety, and to be strictly construed. Lonergan v. San Antonio Trust Co., 101 Tex. 76, 104 S. W. 1061, 106 S. W. 876, 130 Am. St. Rep. 803; Lane v. Scott & Culver, 57 Tex. 370; Ryan v. Morton, 65 Tex. 252.

[3] We think there is no doubt that Breath and wife could have required of Butler a bond binding him and his surety to pay all debts contracted with persons for materials, whether the claims might be asserted against the property of the owner as a lien or not, and that under such a contract, if it had been made, the materialmen might sustain an action against the contractor and the surety upon the bond. Bank v. Railway Co., 95 Tex. 184, 66 S. W. 203.

Thus, in Nelson v. Stephenson, 168 S. W. 61, in which a bond was required of, and given by, a building contractor, the bond containing the condition that the contractor would faithfully perform his contract and pay all indebtedness that might be incurred, and being given to "all parties who might furnish labor or materials on the contract hereinbefore mentioned," and "to be paid to said school district No. 1, Sinton, Tex., and to said parties who may furnish labor and material," it was held that the bond "inured to the benefit of the laborers and materialmen to whom it was made payable. They were by the plain terms of the contract privies thereto and fully protected thereby, and each, or any of them, could prosecute a suit on the bond in his own name," and cite many authorities in support of the ruling.

In United States Fidelity & Guaranty Co. v. Thomas, 156 S. W. 573, the obligation of the building bond was to "pay all claims and liens," and "we also agree that the obligation of this bond shall inure to the benefit of materialmen and subcontractors." In discussing the language quoted, the court says:

"Counsel for appellees admit that without this provision the suit [of the materialmen and subcontractors] could not be maintained. With it inserted in the bond, are the appellees beneficiaries and entitled to a right of action thereon? We have reached the conclusion that this question should be answered in the affirmative."

In Texas Glass & Paint Co. v. Southwestern Iron Co., 147 S. W. 620, it was held that a bond given by a contractor, conditioned on his performing the contract and paying all indebtedness, and completing the building free of liens and payable to the owner and to the lienholders, and providing that it is made for the use of all persons who may become entitled to liens according to law, might be recovered upon by one holding a lien upon the building, but not by a materialman who had furnished materials which entered into the construction but who had no lien.

To the same effect is Republic Guaranty & Surety Co. v. Wm. Cameron & Co., 143 S. W. 317, where the bond sued upon by the materialmen was payable "to all persons who may become entitled to liens under the con-

tract hereinbefore mentioned," and contained the provision that:

"This bond is made for the use and benefit of all persons who may become entitled to liens under said contract, according to the provisions of law, * * * and may be sued upon by them as if executed to them in proper person."

In every Texas case, to which our attention has been called, in which a materialman, laborer, or lienholder has been allowed to recover on the bond of a building contractor, the right has been rested upon some specific obligation in the bond directly to the plaintiff, either where the bond is by its terms made payable to him or provides that it shall inure to his benefit. In no Texas case that we have seen has it been held that a materialman may recover upon the bond of a contractor, where the bond itself or the contract requiring its execution did not provide that the bond should be payable to the materialmen or that it should inure to their benefit.

In National Bank v. Railway Co., 95 Tex. 184, 66 S. W. 203, the bond was conditioned that the contractors "shall well and faithfully pay all laborers, mechanics, materialmen, and persons who supply such contractors with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work agreed to be done and performed" by the contractors. The Supreme Court, in a suit by a holder of the claims of laborers to recover on the bond, held:

"There is not in this clause any promise by Evans and Hoshour [the contractors] to pay these persons who might contract with them during the progress of the work. It simply is the expression of a condition upon which their liability to the railroad company [the owner] is defined and for a breach of which they would be liable to the company itself. Standing alone, the clause would not support the claim."

In Campbell-Root Lumber Co. v. Smith, 148 S. W. 1196, it is said:

"It will be observed that the bond in the present case was executed for the benefit of the trustees of said school district and for lienholders against said building. It is not shown by any allegation in the petition nor the bond or contract that plaintiffs came within the purview of this provision. * * * The effect of the obligation of said bond is to be determined strictly according to its terms, and cannot be extended by implication, so as to make sureties thereon liable beyond its stipulations. See Cyc. vol. 27, p. 308. If the bond in the present case had provided that the obligors were bound, not only to the trustees of the Killeen independent school district, but likewise to all persons who might perform labor or furnish material in the construction of said building, irrespective of whether they were lienholders or not, then it seems, under the authorities, that plaintiffs in this case might have a cause of action, and be able to maintain this suit."

[4] After a review of all the authorities cited by the parties in their briefs, we have reached the conclusion that, whatever may be the holding in other states, it is the well-established law of this state that a building

contractor's bond, conditioned as in the instant case, is simply an expression of a condition upon which the liability of the surety to the owners is defined, and for a breach of which the surety will be liable to the owner only, and does not inure to the benefit of materialmen, in the absence of a provision evidencing such an undertaking. The bond, then, being an indemnity bond to W. F. Breath and wife, does not give a right of action to the plaintiff, as a materialman, against the surety on the bond. It follows from this that the materialman, not having any right of recovery on the bond in his own behalf, cannot recover through the obligees as trustees. It is our conclusion that the judgment of the court below must be reversed; and inasmuch as this conclusion is based upon the view that the judgment was one that could not have been properly rendered on the plaintiff's pleadings, and to that extent the judgment of reversal partakes of the nature of a judgment sustaining a general demurrer to the petition, this court should not render judgment here, but should remand the cause; and it has been so ordered.

Reversed and remanded.