TEXAS FIDELITY & BONDING CO. v.
ROSENBERG INDEPENDENT
SCHOOL DIST. et al.

(Court of Civil Appeals of Texas. Galveston.
June 21, 1917.)

APPEAL AND ERROR ☞843(2)—NECESSITY OF DECISION.

Where defendant surety company's liability is founded on common-law principles, it is unnecessary to consider appellee's contention that it is also liable under the statute pursuant to which it was incorporated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3331.]

Appeal from District Court, Ft. Bend County.

On motion for rehearing. Overruled.

For original opinion, see 195 S. W. 298.

GRAVES, J. In the original opinion (195 S. W. 298) it was inadvertently stated that the school district, in paying the accounts of $530.79 for labor and of $1,764.51 for materials, took from the holders assignments of both items; whereas, the record shows that the latter, but not the former, account was so assigned. That finding is, accordingly, corrected.

In the motion for rehearing it is very earnestly insisted that:

"This court erred in holding that the contract and bond under consideration should not be construed strictly in favor of the surety, for the reason that such holding and finding of the court is contrary to the decision of the Supreme Court in the case of Lonergan v. San Antonio Trust Co., 101 Tex. 76, 104 S. W. 1061 [106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803], and the previous decision of this court in the case of Insurance Co. v. Waples Lumber Company, 176 S. W. 651."

An examination of those cases, however, will not uphold this contention. In the first place, in neither of these cases was it shown that the surety company involved was chartered under the laws of Texas, as was the bonding company in the case at bar; indeed, in the Lonergan Case it affirmatively appeared that the American Surety Company was a New York corporation, while in the Waples Lumber Company Case there is no showing as to where the bonding and casualty insurance company was organized. In the latter case there was but a single question determined, stated by the court to be as follows:

"The only questions presented for our determination are whether the bond inured to the benefit of the plaintiff Waples Lumber Company and other materialmen, whose claims plaintiff holds, and whether it could be enforced by the plaintiff or Breath and wife, as trustees, for its use."

After finding as a fact that the bond there under consideration contained no provisions evidencing an undertaking to become liable to the materialmen, the court decided that sole question in this language:

"It is the well-established law of this state that a building contractor's bond, conditioned as in the instant case, is simply an expression of a condition upon which the liability of the surety to the owners is defined, and for a breach of which the surety will be liable to the owner only, and does not inure to the benefit of materialmen, in the absence of a provision evidencing such an undertaking. The bond, then, being an indemnity bond to W. F. Breath and wife, does not give a right of action to the plaintiff, as a materialman, against the surety on the bond. It follows from this that the materialman, not having any right of recovery on the bond in his own behalf, cannot recover through the obligees as trustees."

Surely that decision, based as it was upon a wholly different state of facts, in that the bond here was expressly made payable to materialmen, etc., determined a question not

here involved, and cannot be in conflict with our holding in this case.

The Lonergan Case, decided by our Supreme Court, is likewise plainly distinguishable from this one. In so far as the surety company was concerned, there was but a single question decided in that case also, which was as follows:

"We conclude that the changes made in the contract, without the consent of the American Surety Company, operated to discharge that company from liability upon the bond."

The contract provided:

"No alterations or extra work to be done except upon the price and additional time necessary to complete same being agreed upon beforehand, and indorsed upon the contract."

The court found that a number of such material changes as to destroy the contract as made and to substitute a new one, for which the surety company had not contracted to be responsible, were in direct violation of this provision in the bond made before abandonment or completion of the work by the contractors, without the surety company's knowledge and consent, and, as above quotation from the opinion shows, upon this ground alone held it not bound. By way of argument in reaching that conclusion, different subsidiary propositions are discussed and decided, among them that there is no difference in the rights of a compensated and a voluntary surety; but the single conclusion stated, and the given foundation of fact upon which it rested, is all the case decides as affects the liability of the surety company. There the building fell after completion, or part completion; the contractors refused to replace the fallen portion, and the trust company owner sued them and their bondsman, the surety company, for damages; the contractors defended upon the ground that the building had fallen, not through any defective material nor unskillful work put into it by them, but on account of inherent defects in the specifications furnished them by the owner upon which to construct it, and for which they were not responsible. In holding the contractors liable, the court said:

"We are of the opinion that Thos. Lonergan & Co., having failed to comply with their agreement to construct and complete the building in accordance with the contract and the specifications, must be held responsible for the loss, notwithstanding the fact that the house fell by reason of its weakness arising out of the defects in the specifications and without any fault on the part of the builder."

The surety company made common cause with the contractors in presenting the defense thus sustained in favor of the latter, and then further, independently in its own behalf, urged the alleged changes in the bond and contract already referred to, with the separate result previously shown. As the recitation of the salient facts in our original opinion shows, no such conditions as obtained in the Lonergan Case existed here.

Finally, it is contended with much force by the appellees that appellant was liable as an insurance company, under and by virtue of the very terms of the law of its creation. Chapter 13 of title 71, Revised Statutes of Texas. But as we have held it liable under the age-old principle lying back of these statutes, that as men by their acts and contracts bind themselves so shall they be bound, we have thought it not essential, as stated in the original opinion, that we pass upon that suggestion.

After careful consideration of the motion for rehearing, we are convinced that, when applied to the developed facts of the case before us, no authority cited inveighs against the conclusion announced in the original opinion, and it is adhered to.

The motion is, accordingly, overruled.

Overruled.