## MARYLAND CASUALTY CO. v. WILSON et al.

### No. 2649.

Court of Civil Appeals of Texas. El Paso.

June 16, 1932.

Rehearing Denied July 14, 1932.

McKenzie, Walthall & Gamble, of El Paso, for appellant.

Lea, McGrady & Edwards, of El Paso, for appellees.

PELPHREY, C. J.

On August 1, 1929, C. H. Lockhart and Chris Hansen entered into an agreement

whereby Hansen agreed to build for Lockhart a two-story brick residence and garage, in Castle Heights addition to the city of El Paso, Texas, for a consideration of $33,335.

The agreement provided for payments to be made as the work progressed and for final payment within ten days after full completion of the work and acceptance by Lockhart, but also provided that the final payment should be made "after the contractor shall have furnished the owner with a release, if required, of all claims against the Owner arising under and by virtue of this contract, other than such claims, if any, as may be specifically excepted by the contractor from the operation of the release in stated amounts to be set forth therein."

On the same date Hansen, as principal, executed a bond to Lockhart in the sum of $16,667.50, with Maryland Casualty Company as surety.

Appellees, a copartnership, doing business under the name of Wyler Industrial Works, filed this suit against Chris Hansen and the Maryland Casualty Company alleging: That they, prior to August 1, 1929, were operating an industrial works in El Paso, Tex., casting, molding, fabricating, and manufacturing iron and bronze work suitable for the decoration of residences and other buildings; that Hansen made the contract with Lockhart above mentioned; that Hansen furnished to Lockhart the aforementioned bond; that the bond was made for their benefit; that thereafter Hansen erected the residence and same was accepted by Lockhart; that in carrying out his contract it was necessary for Hansen to secure certain iron work, consisting of wrought iron grills, railings, weather vanes, doors, gates, arches, locks, and stairways, all of which he purchased from appellees from February 8 to June 24, 1930; that at Hansen's request, they sold and delivered to him various items of merchandise as specified in an account attached to the petition and marked "Exhibit C"; that Hansen expressly and impliedly agreed to pay therefor the several items of money set opposite each item of labor and material in the total sum of $1,099.50; but that he had refused to pay said amount, except the sum of $500.07, leaving a balance of $599.43 which both had refused and failed to pay.

In the alternative, appellees alleged that Hansen expressly and impliedly agreed to pay appellees the reasonable value of the items set forth and that the values as set forth in the account are the reasonable values of the items therein; and that in any event Hansen accepted the materials and labor specified, all of which went into the erection of the building for Lockhart, and all of which was used by Hansen in the fulfillment of his contract; that in making settlement with Lockhart, Hansen used the figures shown on appellee's account and that Lockhart in paying Hansen settled with him on the basis of such figures; and that they had been damaged in the sum of $599.43 by reason of appellant's refusal to pay for said material and services.

They prayed for judgment in that amount and interest thereon at 6 per cent. from July 1, 1930.

Copies of both the contract and bond were attached to and make a part of appellee's petition.

Both appellant and Hansen answered by general demurrer, special exceptions, general denial, and specially alleged that certain payments, amounting to $750, had been made on the account, leaving a balance due thereon of only $349.50.

The trial court sustained appellant's demurrer to appellees' petition but gave them leave to amend. They, thereupon, filed a trial amendment alleging: That at the time of the making of the contract between Hansen and Lockhart, Lockhart was a married man and that the property upon which the house was to be built was his homestead; that Hansen and the casualty company both knew that the house to be erected was to be used as a home by Lockhart and wife; that it was intended that the consideration was to be paid in cash; that no liens were to be fixed upon the property; and that the bond was intended to be for the benefit of all persons furnishing labor and material in the contruction of the house.

The casualty company demurred generally and specially to said trial amendment. After specially excepting to said trial amendment on the ground that it was an attempt to change, vary, and alter the terms of the bond and contract, the casualty company generally denied the allegations therein contained.

Upon a trial before the court, the general and special exceptions were overruled and judgment rendered against Hansen and the casualty company jointly and severally for $599.43, with interest thereon from July 1, 1930.

The casualty company has perfected its appeal from that judgment to this court.

### Opinion.

While there are several grounds assigned for reversal of the judgment, in view of the holding of Section A of the Commission of Appeals in American Employers' Ins. Co. et al. v. S. E. Roddy et al., 51 S.W.(2d) 280 (opinion not yet published [in State Report]), we deem it necessary only to here discuss the first question presented by appellant; that is, that the trial court erred in overruling its general demurrer and special exceptions to appellees' petition. In that case the bond read:

"Now, therefore, for the purpose of securing the said S. E. Roddy and Mrs. Dora Rod-

dy, their heirs or assigns, in the true and faithful performance of said contract, together with all of the covenants and obligations of the said Ray Phillips, as contractor, therein set forth, and to guarantee the true and faithful performance of said contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material unto the said Ray Phillips, as contractor, arising or growing out of said contract, their heirs or assigns as their interest may appear, we, the said Ray Phillips, as principal, and the other subscribers hereunto as surety acknowledge ourselves indebted to and bound to pay to the said S. E. Roddy and his wife, Mrs. Dora Roddy, owners, their heirs, executors, administrators or assigns, the sum of Fifteen Thousand Dollars ($15,000.00) for the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

"The conditions of this bond, however, are such that if the said Ray Phillips, as contractor, shall truly and faithfully do and perform all and every the covenants and conditions of said contract herein promised by him to be done, kept and performed, and shall truly and faithfully pay all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material, growing or arising out of said contract, then and in such event this obligation is to become null and void and of no further force or effect, otherwise to remain in full force and effect. This obligation or any claim arising hereon may be enforced at Temple, Texas."

In that case the same contention was made by the insurance company as is here presented by appellant, viz., that the bond in question was made for the benefit of the owners, exclusively. Relative to that question the court said: "It is to be observed that among the conditions contained in the defeasance clause of this bond is the payment of 'all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material, growing or arising out of said contract.' With reference to a builder's bond which does not relate to the construction of public improvements, the rule seems to be established in this state that, standing alone, a defeasance clause such as this is not to be regarded as implying any obligation on the part of the contractor and surety, except to indemnify the property owner against loss on account of the claims comprehended by said clause. National Bank v. Railway Co.; 95 Tex. 176, 66 S. W. 203; General Bonding, etc., Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651 (writ refused); Oak Cliff Lumber Co. v. American Indemnity Co. (Tex. Civ. App.) 266 S. W. 429. However this may be, if other language contained in the instrument disclose a promise, on the part of the contractor and his surety, to pay the claims of laborers and materialmen, and nothing to the contrary appears, the bond will be deemed to have been made for the benefit of laborers and materialmen as well as of the obligee in the bond. Fox v. Christopher & Simpson Iron Works Co. (Tex. Civ. App.) 199 S. W. 833 (writ refused). On the face of the bond in question here, there appears an express declaration of the purposes for which the bond was made. Among those declared purposes is the purpose 'to guarantee * * * the payment of all claims of each and every subcontractor, workman, laborer, mechanic, and furnisher of material unto the said Ray Phillips, as contractor, arising or growing out of said contract, their heirs and assigns, as their interest may appear.' That this language necessarily implies an undertaking, on the part of the contractor and his surety to 'guarantee' payment of all claims of the sort specified is hardly susceptible of doubt. It is equally clear that an undertaking to guarantee payment embraces a promise to pay. If there were any doubt as to the intention of the parties to extend the benefits of this obligation to the holders of claims of the sort described, that doubt would be expelled by the words, 'as their interest may appear.' It is thus definitely shown that the interest of such claimholders themselves was distinctly in contemplation of the parties to the bond. Clearly the bond was intended to inure to the benefit of such claimholders. The contention of the insurance company, in this respect, is overruled."

That portion of the bond here material to the question reads:

"The condition of this Obligation is such, that whereas the Principal entered into a certain contract hereto attached, with the Owner, dated August 1, 1929, for the erection and completion of a building as per specifications hereto attached and as per plans marked Job No. 352, consisting of drawings of eight sheets numbered one to eight, to be erected for the Owner by the Principal on the Northwest Corner of Gold and Raynor Streets in Castle Heights Addition to the City of El Paso. El Paso County, Texas.

"Now therefore, if the principal shall well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said contract during the original term of said contract and any extensions thereof that may be granted by the Owner, with or without notice to the Surety, and during the life of any guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety being hereby waived, and shall promptly make payment to all persons supplying the princi-

pal with labor and materials in the prosecution of the work provided for in said contract, and any such authorized extension or modification thereof, then this obligation to be void; otherwise to remain in full force and virtue."

It will be seen that the bond here contains none of the provisions upon which the court in the Roddy Case based its conclusion that the bond inured to the benefit of furnishers of material and labor; but, on the other hand, the defeasance clause is substantially the same as the one in that case, which the court says would indemnify the owner against loss on account of the claims comprehended by it, but would impose no obligation upon the contractor and the surety to others.

We must therefore conclude that the trial court erred in not sustaining appellant's general demurrer to the petition.

There being no way in which the petition could be amended so as to render the casualty company liable to appellees, under the above holding, the judgment is reversed, and the suit as to the casualty company is dismissed. The judgment against Hansen is not disturbed.