## PARKER ROOFING CO. v. ÆTNA CASUALTY & SURETY CO.
### No. 1411—6172.

Commission of Appeals of Texas, Section B.
Dec. 22, 1932.

R. F. Spencer, A. J. Lewis, Spencer, Rogers, Lewis & Slatton, Jack R. Locke, Terrell, Davis, McMillan & Hall, and Hal Browne, all of San Antonio, for plaintiff in error.

Cunningham, Moursund & Johnson, of San Antonio, for defendant in error.

RYAN, J.

This suit was brought in the district court of Bexar county by plaintiff in error against the defendant in error to recover from the latter as surety on a bond given by Guy C. Holder, Inc., as contractor, to secure the proper construction of a residence for E. R. Holland, Jr.

The trial court rendered judgment for plaintiff below, which was reversed by the Court of Civil Appeals and judgment there rendered for the surety company. 43 S.W. (2d) 1102.

The contract between the owner and contractor gave the owner the right to require a bond covering faithful performance of the contract and payment of all obligations arising thereunder in such form as the owner may prescribe and with such sureties as he may approve. Accordingly, bond was on January 11, 1930, given, worded as follows:

"Know all men by these presents, That whereas, on the 11th day of January A. D. 1930, Guy C. Holder, Incorporated, as Contractor, and E. R. Holland, Jr., of Bexar County, Texas, as Owner, did make and entered into the contract in writing whereby the said Contractor, for and in consideration of the sum of fifty-nine thousand eight hundred and twenty-seven ($59,827.00) dollars to be paid to it according to the terms and conditions set forth in said contract, obligated itself to make, erect and build for E. R. Holland, Jr., a certain two-story residence and garage on Lot 12 in block 12, Contour Drive, Olmos Park, San Antonio, Texas, and to complete and finish said buildings and improvements in a good, substantial and workmanlike manner by the 15th day of August A. D. 1930, strictly according to the terms of said contract and to the plans and specifications attached to and made a part of said contract, said contract and plans and specifications having been prepared by H. B. Thomas and Fred Gaubatz, Architects:

"Now, therefore, for the purpose of securing the said E. R. Holland, Jr., and his heirs or assigns in the true and faithful performance of said contract, together with all of the covenants and obligations of the said Guy C. Holder, Incorporated, therein set forth, and to guarantee the true and faithful performance of said contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and

furnisher of material against the said Guy C. Holder, Incorporated, Contractor, arising or growing out of said contract, as their interests may appear:

"We, the said Guy C. Holder, Incorporated, as Principal, and The Ætna Casualty and Surety Company, as Surety, acknowledge ourselves indebted to and bound to pay to the said E. R. Holland, Jr., Owner, his heirs, executors, administrators or assigns the sum of Fifty-nine Thousand ($59,000.00) Dollars in United States Gold Coin of the present standard of weight and fineness, at San Antonio, Texas.

"The conditions of this bond, however, are such that if the said Guy C. Holder, Incorporated, Contractor, shall truly and faithfully do and perform all and every the covenants and conditions of said contract and herein promised by it to be done, kept and performed, and shall truly and faithfully pay all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material against it, growing or arising out of said contract, then in such event this obligation is to be and become null and void and of no further force and effect, otherwise to remain in full force and effect."

Thereafter; the contractor entered into contract with plaintiff in error, whereby the latter agreed, for a consideration of $6,391, to furnish and lay in place the roof on the Holland residence, of designated materials. Plaintiff in error complied with its contract but was paid only the sum of $3,564, leaving a balance due of $2,827, for which this suit was brought, in three alternative counts: (1) To recover as subcontractor on the bond as written; (2) to reform the bond so as to contain a provision, omitted by mutual mistake, to the effect that the same should inure to the benefit of every subcontractor, workman, laborer, mechanic, and furnisher of material and recover thereon as reformed; and (3) to declare the wording of the bond ambiguous as written, that evidence be heard to show its real intention and meaning, and recovery be allowed in the light of the intention and meaning as thus shown.

The case was tried by the court without the aid of a jury, and judgment rendered generally for plaintiff in the above sum of balance due; the court found, as to the second count, that the bond be reformed so as to read that it shall inure to and be for the benefit of each and every subcontractor, workman, laborer, mechanic, and furnisher of material, as though their names were actually written therein.

The trial court found as facts that the original building contract was entered into between Guy C. Holder, Inc., contractor, and E. R. Holland, Jr., owner, on the standard form of agreement promulgated by the American Institute of Architects, and provided that, before issuance of final certificate, the contractor shall submit evidence satisfactory to the architect; that all pay rolls, material bills, and other indebtedness connected with the work, have been paid; that nothing contained in the contract documents (consisting of the agreement, the general conditions of the contract, and the drawings and specifications, including all modifications thereof incorporated in the documents before their execution) shall create any contractual relation between any subcontractor and the owner; he further found that the owner demanded a bond which would protect every subcontractor, workman, laborer, mechanic, and furnisher of material, and the surety company's representative agreed thereto and the owner was informed and understood that such a bond would be written, but through mistake of the owner's attorney in drawing the bond, he omitted to insert therein a specific provision to the effect that it would inure to the benefit of subcontractors, workmen, mechanics, laborers, and furnishers of material as though their names were so written in the bond; he further found that, prior to the completion of its contract with Holland, Guy C. Holder, Inc., contractor, was adjudged a bankrupt and abandoned the contract; that the lot whereon said residence is located is the separate property of Holland's wife; that she did not sign or acknowledge said contract, and it was her purpose and that of her husband to erect a home thereon and the same, since the completion of said residence, has been used and occupied by them as their homestead.

The trial court concluded that therefore no lien could attach to the property by reason of material furnished and work done under said building contract, or by any subcontractor, materialman, laborer, mechanic, or furnisher of material.

The trial court concluded also, as a matter of law, that, if the question of mutual mistake be wholly disregarded, and the contract remain unreformed, under the wording of the bond as actually written (viewed in the light of the circumstances surrounding its execution, i. e., the property being the wife's separate estate, as well as the family homestead, no valid lien could be fixed against it by any subcontractor, workman, laborer, mechanic, or furnisher of material), it is susceptible of no other construction than that it was intended to secure subcontractors, workmen, laborers, mechanics, and furnishers of material.

### Opinion.

It is contended by defendant in error that the bond in question is for the benefit of E. R. Holland, Jr., only, and contains no provision showing an intention that the same secured subcontractors, workmen, laborers, mechanics, and furnishers of material or inured to their benefit, and contained no provision

authorizing any person other than the said E. R. Holland to sue thereon.

The bond was made, according to its recitals, for the purpose of securing E. R. Holland, Jr., his heirs or assigns, in the faithful performance of the contract by the contractor and in guaranty thereof, which was for the benefit of Holland.

■ The bond also, according to its recitals, guaranteed the payment of all claims of each and every subcontractor, workman, laborer, mechanic, and furnisher of material, against the contractor arising or growing out of the contract, as their interest may appear. This was intended to protect that class of creditors and inured to their benefit.

It was said by Presiding Judge Harvey in American Employers' Insurance Co. v. Roddy (Tex. Com. App.) 51 S.W.(2d) 280, 283 (approved by the Supreme Court):

"The insurance company contends that the bond in question was made for the benefit of the Roddys, exclusively. It is to be observed that among the conditions contained in the defeasance clause of this bond is the payment of 'all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material, growing or arising out of said contract.' With reference to a builder's bond which does not relate to the construction of public improvements, the rule seems to be established in this state that, standing alone, a defeasance clause such as this is not to be regarded as implying any obligation on the part of the contractor and surety, except to indemnify the property owner against loss on account of the claims comprehended by said clause. National Bank v. Railway Co., 95 Tex. 176, 66 S. W. 203; General Bonding, etc., Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651 (writ refused); Oak Cliff Lumber Co. v. American Indemnity Co. (Tex. Civ. App.) 266 S. W. 429. However this may be, if other language contained in the instrument disclose a promise, on the part of the contractor and his surety, to pay the claims of laborers and materialmen, and nothing to the contrary appears, the bond will be deemed to have been made for the benefit of laborers and materialmen as well as of the obligee in the bond. Fox v. Christopher & Simpson Iron Works Co. (Tex. Civ. App.) 199 S. W. 833 (writ refused). On the face of the bond in question here, there appears an express declaration of the purposes for which the bond was made. Among those declared purposes is the purpose 'to guarantee * * * the payment of all claims of each and every subcontractor, workman, laborer, mechanic, and furnisher of material unto the said Ray Phillips, as contractor, arising or growing out of said contract, their heirs and assigns, as their interest may appear.' That this language necessarily implies an undertaking, on the part of the contractor and his surety to 'guarantee'

payment of all claims of the sort specified is hardly susceptible of doubt. It is equally clear that an undertaking to guarantee payment embraces a promise to pay. If there were any doubt as to the intention of the parties to extend the benefits of this obligation to the holders of claims of the sort described, that doubt would be expelled by the words, 'as their interest may appear.' It is thus definitely shown that the interest of such claimholders themselves was distinctly in contemplation of the parties to the bond. Clearly the bond was intended to inure to the benefit of such claimholders. The contention of the insurance company, in this respect, is overruled."

We think the rule announced by Judge Harvey controls the disposition of the instant case, and the obligation to pay all claims of subcontractors, workmen, laborers, mechanics, and furnishers of material, inured to their benefit, and they could recover by reason thereof.

That rule is in harmony with the doctrine announced in United States Fid. & G. Co. v. Thomas (Tex. Civ. App.) 156 S. W. 573; Austin Bros. Bridge Co. v. Love (Tex. Com. App.) 34 S.W.(2d) 574; and cases cited in note 17, 7 Tex. Jur. p. 98.

■ The bond having been made for the benefit of subcontractors, workmen, laborers, mechanics, and materialmen, they may sue thereon in their own names. It is not necessary that they be named or even known when the obligation is made. Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 216 S. W. 621; McCown v. Schrimpf, 21 Tex. 27, 73 Am. Dec. 221; 10 Tex. Jur. p. 483.

We are of opinion that plaintiff in error is entitled to recover, and, therefore, recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.