### MARYLAND CASUALTY CO. v. DAVE LEHR, Inc.

### No. 10194.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellant.

Geo. R. Thomson and Robt. G. Harris, both of San Antonio, for appellee.

SMITH, Chief Justice.

Bexar County Water Control and Improvement District No. 3 employed Walsh & Burney Company, as general contractors, to construct a sewer system for the district.

Walsh & Burney Company employed Pettus Hemphill (and another) as subcontractor, to furnish it with some of the materials for use in constructing the sewerage system.

Hemphill, the subcontractor, in turn employed Dave Lehr, Inc., to furnish a part of the material for use by the subcontractor in supplying material to the general contractor for its use in carrying out its contract with the district.

Walsh & Burney Company, the general contractor, made bond to the district for the faithful performance of the general contract, and Hemphill, the subcontractor, although not obligated thereto in his contract, made bond to the general contractor for the faithful performance of his subcontract. Maryland Casualty Company executed the latter bond, as surety. In that bond the defeasance clause was as follows:

"Now Therefore, the condition of this obligation is such that if the Seller (principal) shall faithfully perform the contract on his part and-or *satisfy all claims and demands incurred for, by, on or in connection therewith, and-or shall fully indemnify and save contractor from all cost and damage which it may suffer by reason of failure so to do, and-or shall fully reimburse and repay the contractor all outlay and expense which the Contractor may incur in making good any such default and-or shall pay all persons who have or may have contracts with Seller for the furnishing of labor and material or drayage,* and-or shall pay promptly the Contractor all amounts owing by Seller to Contractor under the terms of said agreement, then this obligation shall be null and void, otherwise it shall remain in full force and effect.

"No one demand hereon and the satisfaction thereof shall be held to exhaust *the remedy of Contractor,* but additional demands and suits may be brought from time to time until such time as the full principal amount hereof has been paid."

We have italicized the provisions deemed pertinent to this inquiry.

Hemphill, the subcontractor, defaulted in payment of a part of the purchase price of materials secured from Dave Lehr, Inc., and the latter brought this suit on Hemphill's bond to the general contractor, impleading the Casualty Company as surety. From a judgment in favor of Dave Lehr, Inc., against Hemphill (and his associate) as principal, and the Casualty Company as surety, the latter, alone, has appealed. The Casualty Company was awarded judgment over against its principal on the bond.

The controlling question is, Did the obligation of the subcontractor's bond inure to the benefit of Dave Lehr, Inc., as a creditor of the subcontractor, so as to give it a cause of action against the surety on said bond?

We are of the opinion that the question must be answered in the negative. For a while there was some confusion, if not actual conflict, among the decisions on the subject, but the question was clarified and definitely settled by our Supreme Court in Standard Acc. Ins. Co. v. Blythe (Tex. Com.App.) 107 S.W.2d 880, in which it was held that materialmen, etc., may not recover of a surety upon a subcontractor's bond to the general contractor, conditioned substantially as in this case. Among other cases in point and sustaining the decision in the Blythe Case are National Bank v. Gulf Ry. Co., 95 Tex. 176, 66 S.W. 203; Maryland Casualty Co. v. Wilson (Tex. Civ.App.) 51 S.W.2d 1044 (writ refused).

The judgment against the Casualty Company will be reversed, and judgment here rendered that appellee take nothing from that company, and that judgment over in favor of that company be set aside and held for naught. In all other respects the judgment is affirmed, at the cost of appellee.

Affirmed in part; reversed and rendered in part.