## KNUTSON v. METALLIC SLAB FORM CO. et al.

### No. 10054.

Circuit Court of Appeals, Fifth Circuit.

Aug. 19, 1942.

For former opinion, see 128 F.2d 408.

J. H. Burr, of Houston, Tex., for appellant.

M. S. McCorquodale, of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

Both the appellant and the appellee Western Casualty & Surety Company have filed motions for rehearing. We purposely did not decide whether the Farm Implement Building was additional work under the contract or a new and independent work separately undertaken. That question remains open, together with a consideration of the consequences of the one conclusion or the other, and with liberty to the parties to amend their pleadings to meet them. We purposely refrained from adjudicating any of the details of the accounting to be taken, including the question what amount of the South Texas Lumber Company bill may have been furnished a previous contractor and what part was separately furnished to Metallic Slab Form Company. We intend that the District Court shall have a free hand in all respects to make a just and legal accounting among the parties.

■■ The surety was bound to see that his principal performed the contract. The reserved percentages of the monthly estimates were only a security for performance, held for the benefit of the owner and surety. When the principal became unable to perform and the surety renounced his obligation, the owner could use the security for his own and the surety's benefit in completing the contract. The surety is not discharged by this use of the reserved percentages under these circumstances.

The motions for rehearing are denied.

HUTCHESON, Circuit Judge (concurring in part and in part dissenting).

On the original submission of this cause I was of the opinion that the changes in the contract made by Knutson on July 27th, under his oral agreement with Metallic, particularly the changes in the terms of payment,[1] would, nothing else appearing, have effected a release of the surety. I thought though that the surety's letter of July 21st, denying liability, was in effect an anticipatory breach of its agreement which I incorrectly assumed was an agreement not merely of indemnity but guaranteeing performance, and therefore a release of Knutson from further compliance with the terms of the bond, and so thinking, voted for reversal. Appellee's motion for rehearing points out that its bond was of indemnity only and was not an obligation to guarantee performance of the contract or to perform the work if the contractor defaulted, Employers' Liability Assur. Corp. v. Trane Co., Tex.Com.App., 163 S.W.2d 398. It has convinced me that the July 21st letter had therefore no effect upon the contract, none to change the rights and obligations of Knutson and the surety thereunder, and that Knutson and the surety

---

[1] Fort Worth Independent School District v. Ætna Casualty & Surety Co., 5 Cir., 48 F.2d 1, 77 A.L.R. 222; Wright v. McAdams Lumber Co., Tex.Com.App., 234 S.W. 878; Ætna Casualty & Surety Co. v. Robertson, Tex.Civ.App., 3 S.W. 2d 895; Ætna Casualty & Surety Co. v. Russell, Tex.Com.App., 24 S.W.2d 385; Standard Accident Ins. Co. v. Bear, 134 Fla. 523, 184 So. 97, 127 A.L.R. 1.

remained bound to each other after the letter, to the same extent and with the same consequences as before. Cf. McKnight v. Lange Mfg. Co., Tex.Civ.App., 155 S.W. 977; Standard Accident Ins. Co. v. Blythe, 130 Tex. 201, 107 S.W.(2d) 880; United States v. Freel, 186 U.S. 309, 22 S.Ct. 875, 46 L.Ed. 1177; Massachusetts Bonding & Ins. Co. v. Davis, Tex.Civ.App., 274 S.W. 230, that our judgment of reversal as to the surety was wrong and that its motion for rehearing should be granted and the judgment affirmed as to it. While therefore, concurring in the order denying appellant's motion for rehearing, I dissent from the overruling of appellee surety's motion.