**M. A. SHAW d/b/a Hunter Window and Supply Company, Appellant,**

**v.**

**John O'SULLIVAN, Appellee.**

**No. 5390.**

Court of Civil Appeals of Texas.

El Paso.

March 23, 1960.

Rehearing Denied April 13, 1960.

Gaither & Brewster, Ralph Kenyon, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, Joseph P. Hammond, William Duncan, El Paso, for appellee.

FRASER, Justice.

This suit was instituted by M. A. Shaw, d/b/a Hunter Window and Supply Company, as plaintiff, against defendant, alleging that defendant was surety upon a bond of which the Braham Corporation was principal. The parties will henceforth be described as plaintiff and defendant.

■ Braham Corporation was engaged ·in building homes in the El Paso area, and

had arranged for a large loan from the Mortgage Investment Company. The bond in question was apparently written to protect the lender against any laborers' or materialmen's liens, and to insure the completion of the various projects. Plaintiff had supplied a substantial amount of material and had secured a judgment against the Braham Corporation. He alleges, however, that such judgment is not collectible, as the corporation is insolvent. He therefore seeks remuneration for the surety bond executed by defendant for the benefit of Mortgage Investment Company.

Defendant argues that this bond does not inure to plaintiff's benefit and that plaintiff has no right of action thereon.

We have examined this bond and the cases cited by appellant, and have reached the conclusion that the trial court was correct in sustaining an exception to plaintiff's petition and dismissing the suit. The following paragraph illustrates the conditions or obligations in such bond, and follows that part of the instrument described as "An Original Undertaking":

"While this instrument is in the nature of an original undertaking on the part of Owner-Contractor, it is as well a *bond* to insure the completion of the improvements herein mentioned and the maintenance of the above described lien or any part thereof or any lien taken by the above named lien holder in lieu thereof as a first and paramount lien thereon. Accordingly, upon (1) the completion of all improvements according to plans and specifications in a good and workmanlike manner; (2) the acceptance of said improvements by the *lender*, the purchasers, if any, from Owner-Contractor and the FHA or any other governmental agency interested in said improvements; (3) the payment of all claims of every subcontractor, workman, laborer, mechanic, materialman or other furnisher of labor or materials arising or growing out of the erection and completion of said improvements, and any work done or material furnished in an effort to complete said improvements according to the undertakings of Owner-Contractor as herein set out; and (4) the removal of any mechanic's, materialman's or laborer's lien filed against said improvements of real estate, this obligation shall terminate in so far as the sureties to this bond are concerned but the obligation of Owner-Contractor shall continue until all obligations imposed on him herein or in any Deed of Trust or note are fully and completely performed."

It seems to us that this bond is clear in its provisions and does not bind the surety to anyone but the lendor—to-wit, Mortgage Investment Company. We cannot find language in the bond binding the surety to anyone else. This matter has been treated in many Texas courts, and it has been held that the defeasance clause of a bond does not give any cause of action to the materialmen and laborers, but such is actually an indemnity bond.

■      Therefore, in the absence of a clear intent on the part of the surety, we must hold that he did not obligate himself to the plaintiff here, or to anyone except the lender. Standard Accident Ins. Co. v. Blythe, 130 Tex. 201, 107 S.W.2d 880 (and cases cited therein). As was said in the above case, we here are not permitted to read conditions into a bond or any other instrument that are not clearly set forth or necessarily implied.

Accordingly, appellant's point of error is overruled, and the decision of the trial court affirmed.